UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANDRA HICKMON, individually and on behalf of all others similarly situated, | Case No.: No. 20-CV-10270-(RA) |
| Plaintiff, | |
| -against– | |
| FUN & FIT LLC, *doing business as Home Instead Senior Care*, BRIAN TRAINOR, JOHN DOES #1-10. | |
| Defendants. | |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION**
**TO PLAINTIFF'S MOTION FOR COLLECTIVE ACTION CERTIFICATION**

Defendants, Fun & Fit, LLC d/b/a Home Instead Senior Care (Home Instead) and Brian Trainor, by their attorneys Eckert Seamans Cherin & Mellott, LLC, submit this Memorandum of Law in opposition to Plaintiff's motion for collective action certification.

**PRELIMINARY STATEMENT**

Plaintiffs seek to have this Court certify a federal collective action based upon an alleged failure of Defendant's to pay its home health aides "time and half their regular hourly rate for hours worked over forty in a week". The basis for this position appears to be a contention that Plaintiffs and other similarly situated employees should have been paid for each hour in a 24-hour shift. In New York, the Court of Appeals has confirmed that the Department of Labor's opinion from March 26, 2010 is the governing regulation which permits home health aides to be paid for 13 hours as a 24 hour shift under certain circumstances that are applicable herein. The documents submitted produced as exhibits evidence that Plaintiffs and other aides were properly paid for the hours worked in compliance with both federal and New York law.

1

## ARGUMENT

### Plaintiff's fail to demonstrate similarly situated employees so as to permit a collective action

Recognizing the low standard for certification of a collective action, Plaintiff's respectfully submit the Plaintiff failed to meet this minimum threshold. While the burden on Plaintiffs is low, it is not non-existent. Mata v. Foodbridge, LLC, 2015 WL 3457293 (SDNY June 1, 2015). At a minimum Plaintiff's must demonstrate that potential Plaintiffs are "similaly situated". Gjurovich v. Emmanual's Marketplace, Inc., 282 F. Supp. 2d 101, 104 (SDNY 2003). Here, Plaintiffs rely not just on their declarations but documents (payroll records) and a declaration from one non-Plaintiff home health aide in their effort to meet this threshold.

The nexus alleged between the named Plaintiffs and other home health aides at Home Instead is the alleged failure to pay overtime pursuant to FLSA and New York law pursuant to a uniform policy and practice of Home Instead. Yet the documents attached demonstrate that the named Plaintiffs were not similarly treated in their wages. Plaintiff Clovis was paid $156 for each 24 hour shift that she worked. Plaintiff Hickmon was paid a daily rate of $160. In addition, Hickmon received a $156 tax-free payment in weekly her paycheck. The working conditions between the two named Plaintiffs also differed dramatically as evidenced by the individual scheduling calendars of each . Clovis worked a 24 hour shift when she chose to, while Hickmon worked 24 hour shifts every day for more than a year and an additional aide was present for 8 hour shifts every weekday. (see Ex. C & D)

While Plaintiffs are entitled to rely on their own declarations for such motions and the court is not called upon to resolve factual disputes or to make credibility determinations, the presentation of Plaintiff herein cannot be overlooked. "[A] list of generalized allegations that

100436547.1

have been molded into a declaration that reads similar to the complaint… are precisely the kind of unsupported assertions and conclusory allegations that courts in this District have found to be insufficient to certify a class". Hypolite v. Health Care Services of New York, 256 F. Supp. 3d 485 (SDNY 2017) citing Fernandez v. Wells Fargo Bank, NA, No. 12 Civ. 7193 (PKC), 2013 WL 4540521 at 17 (SDNY Aug. 28, 2013).

Plaintiffs' submission consists of three declarations that not only mimic the complaint but mimic each other. The declaration of Marlene Whyte, who worked only three days at Home Instead, contains the same statements as the other two concerning pay policies, working conditions and more. A glaring example of the misstatement of Ms. Whyte is her professing that she was sent "to work as a home health side/maid for numerous customers…" when in fact, during the three days she worked at Home Instead, she worked at one customer, Albert Bernauer. Ms. Whyte's statements defy logic and do not ring true. The supporting declarations do not identify by name any other home health aide who confirms that they were subject to the same pay policy and working conditions. The generalized allegations should not be sufficient to declare that the Plaintiffs' have met the minimum threshold, paticularly in the face of the unique pay practice to the named Plaintiffs.

**The paystubs submitted demonstrate Plaintiffs were
Properly paid overtime**

Plaintiffs incorrectly argue that they were entitled to be paid for hours beyond 13 when working a 24-hour shift. The New York Court of Appeals rejected this same argument and affirmed the Department of Labor Opinion from March 11, 2010 that home health aides need be paid for 13 hours when working a 24-hour shift. See Andryeyeva v. New York Health Care,

2019 NY Slip Op. 02258 (March 26, 2019). The NY Department of Labor added the following language to its Wage Order:

> Not withstanding the above, this subdivision shall not be construed to require that the minimum wage be paid for meal periods and sleep time that are excluded from hours worked under the Fair Labor Standards Act of 1938, as amended, in accordance with sections 785.19 and 785.22 of C.F.R. for home care aide who works shifts of 24 hours or more. (NY Reg. October 25, 2017 at 6).

The DOL in its amicus brief to the Court of Appeals asserted that an employee who enjoys genuine sleep and meal breaks consistent with the strict requirements of the DOL's policy is not available for work so as to trigger a requirement to be paid beyond the 13 hours. Whether Plaintiffs' or other employees were permitted a sleep break of eight hours and three hours of meal time is a factual sensitive inquiry that precludes collective action certification. This distinction is no more obvious than comparing Hickmon, who had an aide present overnight for eight hours to Clovis who did not.

Based upon Plaintiffs position that the federal minimum wage was $7.35 and applying the 13 hour rule Plaintiffs minimum wage would be as follows:

```
8 hours at $7.35 =    $50.80
5 hours at $11.03 =   $55.15
Daily Total =         $113.95
```

The paystubs submitted by Plaintiff show a daily rate in excess of the minimum wage plus overtime rate for each shift worked. In that the documentary evidence shows that the named Plaintiffs were properly paid, at best they cannot serve as class representative and Defendants respectfully submit that this showing mandates a denial of Plaintiffs motion to certify a collective action.

**NOTICE**

Without waiving their position that collective action should be denied, Defendants object the proposed notice as being overly inclusive, as Plaintiffs seek to send the notice to all current and former employees.  This would include hourly employees who are not similarly situated to Plaintiffs, who are per diem employees.  At most, the collective class must be limited to only those employees who worked on a per diem basis. Even with this limitation, it is impossible, to properly define the potential class, given the differences between the named Plaintiffs. Querry: does the class include all per diem home health aides, or only those who did not receive the weekly supplemental payment of $150 as Hickmon, or only those who did not have an aide present  for overnights?  The issues of similarly situated employees predominate so as to render it impossible to correctly identify potential collective class members.

**CONCLUSION**

Plaintiffs have failed to meet the low threshold to permit certification of a collective action as they have not demonstrated that there are "similarly situated" employees and that the named Plaintiffs were paid on compliance with the FLSA and New York state law.

Dated: White Plains, New York
       June 17, 2021

                                          Respectfully,

                                           */s/ Timothy P. Coon*
                                           Timothy P. Coon
                                             Eckert Seamans Cherin & Mellott, LLC
                                             10 Bank Street, Suite 700
                                             White Plains, NY 10606
                                             (914) 286-6438
                                             tpcoon@eckertseamans.com
                                             *Attorneys for Defendants*
                                             *Fun & Fit, LLC, d/b/a Home Stead Senior Care and*
                                             *Brian Trainor*

100436547.1