USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/13/2021__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SANDRA HICKMON, MARCELLA CLOVIS,
Individually and on behalf of all other
persons similarly situated,

                           Plaintiffs,

    -v-

FUN & FIT LLC d/b/a Home Instead Senior Care,
BRIAN TRAINOR, and JOHN DOES #1-10,

                           Defendants.
------------------------------------------------------------------X

**OPINION AND ORDER**

20-CV-10270 (RA) (JLC)

**JAMES L. COTT, United States Magistrate Judge**

       Plaintiffs Sandra Hickmon and Marcella Clovis, individually and on behalf of others similarly situated, bring this action for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against Defendants Fun & Fit LLC, Brian Trainor, and John Does #1-10, who operate a home health aide agency under the business name Home Instead Senior Care. Plaintiffs allege that Defendants willfully engaged in various unlawful employment practices, including failing to pay required minimum and overtime wages and the spread of hours premium and deducting wages for meal and sleep breaks even when employees worked during those breaks.

       Plaintiffs now move for conditional certification of a collective action on behalf of all of Defendants' non-exempt employees and request that the Court (1) conditionally certify a FLSA collective of employees as a representative collective

1

action pursuant to 29 U.S.C. § 216(b); (2) facilitate notice of this FLSA action to covered employees; (3) approve the proposed notice and consent form; (4) require Defendants to disclose the contact information for all potential members of the collective action; and (5) equitably toll the statute of limitations until Plaintiffs are able to send notices to potential opt-in plaintiffs. For the reasons that follow, Plaintiffs' motion is denied.

## I. PROCEDURAL HISTORY

Hickmon commenced this action on December 5, 2020, asserting claims against Defendants Fun & Fit LLC d/b/a Home Instead Senior Care, Brian Trainor, and John Does #1-10 (collectively "Defendants"). Complaint, Dkt. No. 1. On March 4, 2021, Hickmon filed an Amended Complaint adding Clovis as a named plaintiff. Amended Complaint ("Amended Compl."), Dkt. No. 11. On March 30, 2021, Defendants answered the Amended Complaint. Dkt. No. 18.

On June 3, 2021, Hickmon moved for conditional certification of a putative collective of all non-exempt employees who (1) were not paid overtime at time-and-one-half their regular hourly rates on or after January 1, 2015; (2) were not paid federal minimum wages on or after December 5, 2014; and (3) worked 24-hour live-in shifts and were paid for 13 hours even though the employees did not receive 8 hours of sleep and 3 hours of breaks. Memorandum of Law in Support of Plaintiffs' Motion for Conditional Collective Certification ("Pl. Mem."), Dkt. No. 27 at 1–4; *see also* Affidavit of Sandra Hickmon in Support of Motion to Certify Collective Action Class dated June 3, 2021 ("Hickmon Aff."), Dkt. No. 23; Affidavit of Marcella Clovis

in Support of Motion to Certify Collective Action Class dated June 3, 2021 ("Clovis Aff."), Dkt. No. 24; Affidavit of Marlene Whyte in Support of Motion to Certify Collective Action Class dated June 3, 2021 ("Whyte Aff."), Dkt. No. 25; Declaration of William C. Rand, Esq. in Support of Motion to Certify Collective Action Class dated June 3, 2021 ("Rand Decl."), Dkt. No. 26.[1] Defendants filed a memorandum of law and two affidavits in opposition to Plaintiffs' motion on June 17, 2021, arguing that a collective action is inappropriate because Plaintiffs failed to demonstrate the existence of similarly situated employees and that Defendants had properly compensated them. Memorandum of Law in Opposition to Plaintiffs' Motion for Collective Action Certification ("Def. Mem."), Dkt. No. 30, at 1; Affidavit of Timothy P. Coon in Opposition to Plaintiffs' Motion for Collective Action Certification dated June 17, 2021 ("Coon Aff."), Dkt. No. 28; Affidavit of Brian Trainor in Opposition to Plaintiffs' Motion for Collective Action Certification dated June 17, 2021 ("Trainor Aff."), Dkt. No. 29. Plaintiffs filed reply papers on June 30, 2021. Reply Memorandum of Law in Support of Motion for Certification of Collective Action ("Pl. Reply"), Dkt. No. 31.

## II.   DISCUSSION

### A. Legal Standards: Conditional Collective Action Certification

The FLSA provides that "any one or more employees" may bring suit on behalf of themselves and other "similarly situated" employees who "consent in

---

[1] The motion itself, filed at Docket No. 22, was terminated by the Clerk's Office as a deficient docket entry, and was never refiled.

writing to become such a party." 29 U.S.C. § 216(b); *see also Xing Ye v. 2953 Broadway Inc.*, No. 18-CV-4941 (LAP), 2020 WL 2904070, at *2 (S.D.N.Y. June 3, 2020). "Although they are not required to do so by the FLSA, district courts 'have discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

The Second Circuit has endorsed a two-stage certification process in determining whether to certify a collective action under the FLSA. *See Myers,* 624 F.3d at 554–55; *Martin v. Sprint/United Mgmt. Co.*, No. 15-CV-5237 (PAE), 2016 WL 30334, at *4 (S.D.N.Y. Jan. 4, 2016) (collecting cases). "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers*, 624 F.3d at 555. Although "[t]he FLSA does not define the term 'similarly situated,'" the Second Circuit recently explained that "to be 'similarly situated' means that named plaintiffs and opt-in plaintiffs are alike with regard to some material aspect of their litigation." *Scott v. Chipotle Mexican Grill, Inc.,* 954 F.3d 502, 515–16 (2d Cir. 2020) (citing *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1114 (9th Cir. 2018)). "That is, party plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." *Id.; see also Pequero v. Montafon, LLC*, No. 18-CV-12187 (DF), 2020 WL 4016756, at *8

4

(S.D.N.Y. July 15, 2020) ("In accordance with the reasoning of *Scott*, the named Plaintiffs need not show that there are *no dissimilarities* among them and other employees, as 'they may proceed in a collective *to the extent* they share a similar issue.'" (quoting *Scott,* 954 F.3d at 516) (emphasis added)).

The requirements for conditional collective action certification are "unrelated to" and less stringent than those for certifying a class under Rule 23. *Scott,* 954 F.3d at 520. A plaintiff's "burden is minimal because the determination that the parties are similarly situated is merely a preliminary one, and that determination may be modified or reversed after discovery." *Weng Long Liu v. Rong Shing, Inc.*, No. 12-CV-7136 (TPG), 2014 WL 1244676, at *2 (S.D.N.Y. Mar. 26, 2014) (citing *Indergit v. Rite Aid Corp.,* Nos. 08-CV-9361 (PGG), 08-CV-11364 (PGG), 2010 WL 2465488, at *4 (S.D.N.Y. Jun. 16, 2010) (internal citation omitted)). In determining whether potential opt-in plaintiffs are similarly situated, courts should not "weigh the merits of the underlying claims, attempt to resolve factual disputes, or evaluate credibility." *Aguilo v. Vails Gate Cleaners Inc.*, No. 18-CV-8850 (PMH) (JCM), 2020 WL 3545558, at *3 (S.D.N.Y. June 30, 2020) (citing *Morris v. Lettire Const. Corp.*, 896 F. Supp. 2d 265, 269 (S.D.N.Y. 2012)). The role of the court at this stage is simply to decide whether plaintiffs have made a "modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 555.

Although the plaintiff bears a low burden of proof, "[the burden] is not non-existent.'" *Mata v. Foodbridge LLC*, No. 14-CV-8754 (ER), 2015 WL 3457293, at *2 (S.D.N.Y. June 1, 2015) (citing *Sanchez v. JMP Ventures, L.L.C.*, No. 13-CV-7264 (KBF), 2014 WL 465542, at *1 (S.D.N.Y. Jan. 27, 2014) (stating that certification does not automatically ensue)). "Even at the conditional certification stage, a plaintiff's burden under § 216(b) 'cannot be satisfied simply by unsupported assertions,' or with 'conclusory allegations.'" *Zhongle Chen v. Kicho Corp.*, No. 18-CV-7413 (PMH)(LMS), 2020 WL 1900582, at *6 (S.D.N.Y. Apr. 17, 2020) (quoting *Myers*, 624 F.3d at 555; *Morales v. Plantworks, Inc.*, No. 05-CV-2349 (DC), 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006)). Instead, a plaintiff must offer "actual evidence of a factual nexus" between her situation and those of other allegedly similarly situated employees. *Qing Gu v. T.C. Chikurin, Inc.*, No. 12-CV-2322 (SJ) (MDG), 2014 WL 1515877, at *3 (E.D.N.Y. Apr. 17, 2014).

In the second stage, which occurs after discovery "when the Court has a more developed record, the named plaintiffs must prove that 'the plaintiffs who have opted in are *in fact* 'similarly situated' to the named plaintiffs.'" *She Jian Guo v. Tommy's Sushi Inc.*, No.14-CV-3964 (PAE), 2014 WL 5314822, at *2 (S.D.N.Y. Oct. 16, 2014) (quoting *Myers*, 624 F.3d at 555). At that stage, a defendant can move to decertify the collective if the record reveals that the claimants are not similarly situated, and their claims may be dismissed without prejudice. *See id.*; *Myers*, 624 F.3d at 555.

## B. Plaintiffs' Factual Allegations in Support of Conditional Collective Action Certification

In support of their motion, Plaintiffs have each submitted an affidavit outlining the wage-and-hour violations that they and other home health aides allegedly experienced, as well as Defendants' shift arrangements and pay records practices with respect to their employment. *See* Hickmon Aff. ¶¶ 1–52; Hickmon Aff. Ex. A, Dkt. No. 23-1; Clovis Aff. ¶¶ 1–52; Clovis Aff. Ex. A, Dkt. No. 24-1; Rand Decl. ¶¶ 9–23; Rand Decl. Ex. D, Dkt. No. 26-4.[2] Whyte, a non-party, also submitted an affidavit alleging the wage-and-hour violations she experienced. Whyte Aff. ¶¶ 1–51.

Hickmon alleges that she was employed by Defendants to work as a "home health aide/maid for multiple customers" in Westchester County, New York from September 2011 until April 2020. Hickmon Aff. ¶¶ 1–2. Clovis alleges that she was employed by Defendants from July 2013 to August 2017, and she primarily worked as a home health aide/maid for two clients who were husband and wife in Westchester County. Clovis Aff. ¶¶ 1–2. Whyte alleges that she worked for Defendants from December 2017 to January 2018, during which she was sent to work as a home health aide/maid for "numerous customers" in Westchester County. Whyte Aff. ¶¶ 1–2.[3]

---

[2] Pages four and six were missing from Clovis' affidavit. Accordingly, the Court is missing paragraphs 27–33 and paragraphs 39–51 of Clovis' affidavit.

[3] Defendants dispute that Whyte worked as a home health aide for "numerous customers" and contend that Whyte only worked for one customer. Def. Mem. at 3. The Court will not resolve this factual dispute in this Opinion and Order because, "at this stage of the proceedings, it is not incumbent on the Court to resolve

In their affidavits, Plaintiffs and Whyte allege the following: they did not live in the client's home as their primary residence while working as home health aides/maids. Hickmon Aff. ¶ 3; Clovis Aff. ¶ 3; Whyte Aff. ¶ 3. Plaintiffs and Whyte were often paid less than the minimum wage rate, and when they worked more than 40 hours per week, they did not receive time-and-one-half for overtime pay. Hickmon Aff. ¶¶ 5, 11; Clovis Aff. ¶¶ 5, 11; Whyte Aff. ¶¶ 5, 10. They sometimes worked 24-hour shifts, during which they were required to stay overnight at the client's home and assist the client as needed. Hickmon Aff. ¶¶ 6–7; Clovis Aff. ¶¶ 6–7; Whyte Aff. ¶¶ 6–7. Moreover, they were not permitted to leave the client unattended during their 24-hour shifts. Hickmon Aff. ¶ 8; Clovis Aff. ¶ 8; Whyte Aff. ¶ 8.

The aides further allege that throughout the night, their sleep would be interrupted at least three to four times, as they were required to turn the client every two hours or to turn a sick patient every four hours each night. Hickmon Aff. ¶¶ 37–38; Clovis Aff. ¶ 37; Whyte Aff. ¶ 37. Additionally, the aides also needed to wake up at least every four hours to serve the client and perform duties, including taking the client to the bathroom, fetching the client a glass of water, calming a

---

disputes or make credibility determinations." *Mogollan v. La Abundancia Bakery & Rest. Inc.*, No. 18-CV-3202 (GBD) (SDA), 2019 WL 5693375, at *6 (S.D.N.Y. Nov. 4, 2019) (citing *Juarez v. 449 Restaurant, Inc.*, 29 F. Supp. 3d 363, 369–70 (S.D.N.Y. 2014)). "At the preliminary certification stage, all inferences are drawn in favor of the plaintiff, and the Court does not resolve factual disputes." *Cuaya v. VI Development Group, LLC*, No. 19-CV-4290 (JLC), 2020 WL 5494371, at *7 n.5 (S.D.N.Y. Sept. 10, 2020) (quoting *Zhenkai Sun v. Sushi Fusion Express, Inc.*, No. 16-CV-4840 (WFK) (LB), 2018 WL 1168578, at *4 (E.D.N.Y. Mar. 6, 2018)).

distressed client, and cleaning the client's bed. Hickmon Aff. ¶ 35; Clovis Aff. ¶ 35; Whyte Aff. ¶ 34.

During meal breaks, Hickmon and Whyte report that they would be on call or frequently be interrupted by the client. Hickmon Aff. ¶ 40; Whyte Aff. ¶ 39.[4] Although Plaintiffs and Whyte were unable to take any of the three one-hour meal breaks or sleep for five uninterrupted hours, Defendants nevertheless only paid them for 13 hours out of their 24-hour shifts, leaving Plaintiffs uncompensated for the other 11 hours worked. Hickmon Aff. ¶¶ 9–10, 14–15; Clovis Aff. ¶¶ 9–10, 14–15; Whyte Aff. ¶¶ 9, 12–13. Defendants allegedly maintained no policies to determine if a health aide received three one-hour meal breaks or five hours of uninterrupted sleep during a 24-hour shift. Hickmon Aff. ¶ 28; Whyte Aff. ¶¶ 29, 38.

Even after Hickmon and Whyte complained to their supervisors about inadequate sleep and meal breaks, Defendants allegedly continued to deduct eight hours of sleep time and three hours of meal breaks from the hours worked. Hickmon Aff. ¶ 29; Whyte Aff. ¶ 28. When Hickmon, Clovis, and Whyte complained to both their coordinator and the payroll department about the uncompensated work performed during the time reserved for breaks and sleep, they were told that the company does not pay more than 13 hours for a 24-hour shift. Hickmon Aff. ¶ 34; Clovis Aff. ¶ 34; Whyte Aff. ¶ 33.

---

[4] There are no similar factual allegations from Clovis on these issues due to the missing pages in her affidavit.

Hickmon and Whyte further allege that they would spend more than 30% of their time at work directly performing household work, including cleaning, cooking, doing the laundry, making the bed, and taking out the trash. Hickmon Aff. ¶¶ 42–51; Whyte Aff. ¶¶ 41–50. Lastly, Plaintiffs and Whyte allege that they did not receive the "spread of hours" premium of an extra hour (paid at the minimum wage rate) for the days in which their hours worked were spread over ten hours. Hickmon Aff. ¶¶ 17, 36; Clovis Aff. ¶¶ 17, 36; Whyte Aff. ¶¶ 15, 31.

### C. Plaintiffs Have Not Made the Modest Factual Showing Required to Support Conditional Collective Action Certification

Plaintiffs seek to conditionally certify a collective of non-exempt employees who (1) were not paid overtime at time-and-one-half their regular hourly rates on or after January 1, 2015; (2) were not paid federal minimum wages on or after December 5, 2014; and (3) worked 24-hour live-in shifts and were paid for 13 hours even though the employees did not receive 8 hours of sleep and 3 hours of breaks. Pl. Mem. at 1–4.[5] Defendants argue that (1) Plaintiffs failed to demonstrate that there were similarly situated employees so as to permit a collective action; and (2) Plaintiffs were properly paid overtime as demonstrated by the paystubs. Def. Mem. at 2–4.[6] On the record presented, Plaintiffs have failed to provide sufficient factual

---

[5] The FLSA's overtime requirements became applicable to home health aides on January 1, 2015. *See, e.g., Hypolite v. Health Care Servs. of New York Inc.*, 256 F. Supp. 3d 485, 491–94 (S.D.N.Y. 2017).

[6] The Court will not address Defendants' argument that they properly compensated Plaintiffs at this time. At this stage in the litigation, the Court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). "Indeed, a court should not weigh the merits of the underlying

10

details to enable the Court to conclude at this preliminary stage that there are similarly situated health aides employed by Defendants.

In general, "the burden at the first stage of certification is low." *Delijanin v. Wolfgang's Steakhouse Inc.,* No. 18-CV-7854 (RA) (KHP), 2019 WL 1760154, at *6 (S.D.N.Y. Apr. 22, 2019). "The Court does not weigh the merits of the underlying claims at this stage." *Id.* (collecting cases). Rather, "[c]ourts in this Circuit [ ] commonly authorize[ ] the sending of collective action notices where plaintiff includes some probative information regarding similarly situated employees." *Silva v. Calle 8, LLC*, No. 12-CV-677 (ERK) (MDG), 2013 WL 6330848, at *3 (E.D.N.Y. Dec. 5, 2013).

However, conclusory allegations and "unsupported assertions" are not sufficient to support a motion for conditional collective action certification. *Myers,* 624 F.3d at 555 (citation omitted). "Rather, plaintiffs must offer something of evidentiary value to demonstrate that similarly situated employees exist and, where plaintiffs fail to meet this minimal requirement, their motion for conditional collective action certification will be denied." *Hernandez v. City of New York,* No. 16-CV-3445 (RA), 2017 WL 2829816, at *4 (S.D.N.Y. June 29, 2017) (alterations omitted) (internal quotation marks omitted); *see also Silva*, 2013 WL 6330848, at *3 ("[W]here plaintiffs fail to provide either evidentiary support,

---

claims in determining whether potential opt-in plaintiffs may be similarly situated." *Id.* (citations omitted). Thus, at this procedural stage, the Court will not determine whether Plaintiffs can prove that they were improperly compensated for their hours worked.

11

such as affidavits or supporting documents, or specific factual allegations, courts routinely deny conditional certification.") (collecting cases). Plaintiffs consequently must provide factual detail or evidence beyond simply alleging that they observed or spoke with other similarly situated employees. *See, e.g., Huertero-Morales v. Raguboy Corp.,* No. 17-CV-2429 (JCF), 2017 WL 4046337, at *3 (S.D.N.Y. Sept. 12, 2017) ("[I]nformation regarding where or when [a plaintiff's] observations or conversations occurred . . . is critical in order for the Court to determine the appropriate scope of the proposed class and notice process.") (citation omitted); *Qi Zhang v. Bally Produce, Inc.*, No. 12-CV-1045 (FB) (JMA), 2013 WL 1729274, at *4 (E.D.N.Y. Apr. 22, 2013) (court "refuse[d] to conditionally certify a collective action" where plaintiff was "unwilling (or unable) to offer any evidence that other [employees] had similar duties and responsibilities as plaintiff").

Where a plaintiff bases her assertions regarding similarly situated employees upon her own observations and conversations with other employees, courts have required details about these observations and conversations, such as where and when they occurred and the names of the employees involved. *See, e.g., Sanchez*, 2014 WL 465542, at *2 ("[W]here or when these observations or conversations occurred . . . is critical"). Specific factual allegations can include the names of similarly situated employees, their job titles, as well as information as to their duties and the hours they worked. *See, e.g., Gu*, 2014 WL 1515877, at *3; *Silva*, 2013 WL 6330848, at *3 (collecting cases). Without these details, "the Court is left with a list of generalized allegations" that are insufficient to conditionally certify a

12

collective action. *Sanchez*, 2014 WL 465542, at *2. It is also helpful, but not necessary, when a plaintiff "adduce[s] evidence beyond [her] own personal observations," to provide affidavits of other employees or other supporting documents. *Jeong Woo Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 448–49 (S.D.N.Y. 2013) (collecting cases).

Here, Plaintiffs have set forth factual assertions in support of their individual wage and hour claims, but fail to make a "modest factual showing" that the same was true for other potential plaintiffs. *Myers,* 624 F.3d at 555; *see also Bondi v. New Rochelle Hotel Associates*, No. 17-CV-5681 (KMK) (LMS), 2018 WL 7246962, at *8 (S.D.N.Y. Dec. 7, 2018), *adopted by* 2019 WL 464821 (Feb. 6, 2019). In their affidavits, Plaintiffs each affirmed only that they had spoken with "numerous other health aide employees of Defendants," who attested that "they also were paid below minimum wage for many hours worked and also were not paid any money at all for many hours that they worked." Hickmon Aff. ¶ 12; Clovis Aff. ¶ 12. Plaintiffs and Whyte, adding the phrase "similar health aides," then merely restated the same allegations set forth in the Amended Complaint and elsewhere in their affidavits. Hickmon Aff. ¶¶ 21–27, 31–32; Clovis Aff. ¶¶ 21–27, 31–32; Whyte Aff. ¶¶ 20–26, 30–31.[7] The affidavits do not identify any potentially similarly situated employees by name, do not disclose how many employees Hickmon, Clovis, and Whyte

---

[7] Unlike Hickmon and Clovis, Whyte does not allege that she spoke to any other employees and provides no explanation for how she learned that her co-workers performed similar work, were paid in a similar manner, and were subject to the same rules and policies. Whyte Aff. ¶ 20. Notably, Whyte only worked for Defendants from December 29, 2017 to January 1, 2018. *Id.* ¶ 1.

13

conversed with, and provide no information regarding the timing or circumstances of any of these conversations.

These assertions regarding "similar health aides" amount to "a list of generalized allegations" that "read[] similarly to the complaint" and "are precisely the kind of unsupported assertions and conclusory allegations that courts in this District have found to be insufficient to conditionally certify a class." *Sanchez*, 2014 WL 465542, at *2. Moreover, "[t]o meet their burden, Plaintiffs were obligated to provide 'some probative information regarding similarly situated employees such as their names, their duties[,] and their hours worked.'" *Bondi*, 2018 WL 7246962, at *9 (quoting *Feng v. Hampshire Times*, No. 14-CV-7102 (SHS) (JLC), 2015 WL 1061973, at *3 (S.D.N.Y. Mar. 11, 2015)). Absent these factual details, the Court cannot infer from Plaintiffs' conclusory and repetitive allegations that similarly situated employees potentially exist. *See e.g., Hypolite*, 256 F. Supp. 3d at 496 ("uncorroborated, anecdotal hearsay about the hours" that named plaintiff believed others worked cannot sufficiently justify conditional certification) (quoting *Ali v. New York City Health & Hosps. Corp.*, No. 11-CV-6393 (PAC), 2013 WL 1245543, at *3 (S.D.N.Y. Mar. 27, 2013)).[8]

Courts routinely deny collective certification when plaintiffs fail to provide sufficient details about other potentially similarly situated employees, such as the

---

[8] In their reply papers, Plaintiffs criticize Defendants for failing to submit evidence refuting certain of their allegations, Pl. Reply at 1–3, but the motion before the Court does not require Defendants to proffer evidence. Rather, it is Plaintiffs who have the burden to do so in order to satisfy the "similarly situated" requirement.

14

names of other employees, when any conversations with those employees took place, and information regarding the hours those employees worked or how they were paid. *See, e.g., Qiang Lu v. Purple Sushi Inc.*, 447 F. Supp. 3d 89, 96 (S.D.N.Y. 2020) (denying collective action certification when plaintiffs failed to provide names of other potentially similarly situated employees, times when conversations took place, or information regarding hours employees worked or how they were paid); *Bondi*, 2018 WL 7246962, at *9-10 (denying collective action certification because plaintiffs' declarations "do not name other potential plaintiffs" and were "devoid of details regarding observations or conversations they may have had with other potential plaintiffs"); *Fernandez v. Wells Fargo Bank, N.A.*, No. 12-CV-7193 (PKC), 2013 WL 4540521, at *8, 17 (S.D.N.Y. Aug. 28, 2013) (denying collective action certification because plaintiffs' declarations did not specify key details including "identities of speakers and participants, . . . even approximate dates, when instructions allegedly were issued concerning off-the-clock work and denial of overtime" and "dates on which these communications [with other employees] took place"); *cf. Cuaya*, 2020 WL 5494371, at *5 (certifying collective action when plaintiff's declaration included "details such as the first names and positions of the employees with whom he had conversations, as well as the timing and circumstances of some of the conversations").

In sum, at the conditional certification stage, the key question is "whether plaintiffs are similarly situated with respect to their allegations that the law has been violated." *Hallissey v. Am. Online, Inc.*, No. 99-CV-3785 (KTD), 2008 WL

465112, at *2 (S.D.N.Y. Feb. 19, 2008). Plaintiffs here have failed to establish "a factual nexus" between their experience and potential plaintiffs with regard to an FLSA violation. *See Cuaya*, 2020 WL 5494371, at *5 (citing *Taveras v. D & J Real Estate Mgmt. II, LLC,* 324 F.R.D. 39, 41 (S.D.N.Y. 2018)). Accordingly, "Plaintiffs' attempts to broaden their allegations beyond the existing [P]laintiffs are insufficiently specific to make [the requisite] showing." *Bondi*, 2018 WL 7246962, at *10 (quoting *Levinson v. Primedia Inc.*, No. 02-CV-2222 (CBM), 2003 WL 22533428, at *2 (S.D.N.Y. Nov. 6, 2003)).

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for conditional certification pursuant to 29 U.S.C. § 216(b) is denied.

**SO ORDERED.**

Dated: August 13, 2021
       New York, New York

_____
JAMES L. COTT
United States Magistrate Judge