```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SANDRA HICKMON, MARCELLA CLOVIS,            :     ECF
Individually and on Behalf of All Other     :     20 Civ. 10270 (RA)
Persons Similarly Situated,                 :
                                            :
                      Plaintiffs,           :
                                            :
    -against-                               :
                                            :
FUN & FIT LLC d/b/a Home Instead Senior Care, :
BRIAN TRAINOR and JOHN DOES #1-10,          :
                                            :
                      Defendants.           :
------------------------------------------------------------------X
```

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between SANDRA HICKMON and MARCELLA CLOVIS ("Plaintiffs"), on the one hand, and FUN & FIT LLC d/b/a Home Instead Senior Care, (referred to as "FUN & FIT" or the "Company"), and BRIAN TRAINOR (together with the Company, collectively referred to as "Defendants") on the other hand.

**WHEREAS**, on or about November 30, 2020, Plaintiffs commenced an action against Defendants in the United States District Court for the Southern District of New York as captioned above (the "Complaint" or the "Action"), in which Plaintiffs alleged numerous wage and hour claims under the Fair Labor Standards Act ("FLSA"), the New York Labor Law and its supporting regulations/order ("NYLL"), and the Wage Parity Act ("WPA");

**WHEREAS**, Defendants deny any and all liability and all allegations of wrongdoing made by Plaintiffs and the Court has not made any findings with respect to the merits of the claims asserted in the Action or otherwise;

**WHEREAS**, Defendants and the Plaintiffs (collectively referred to as the "Parties") desire to resolve all claims asserted in the Action, including the wage claims of the Plaintiffs, in an amicable manner without the expense and aggravation of further litigation and without admission of liability or wrongdoing by anyone;

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. **Consideration**: In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiffs and in consideration for the Plaintiffs' execution of this Agreement, Defendants agree to the following payments which amount to no

more than, and could never exceed, Sixty Thousand Dollars and Zero Cents ($60,000) (the "Full Settlement Amount") as follows:

    a. Payment to SANDRA HICKMON in the amount of Twenty-Five Thousand and Eight Hundred and Thirteen Dollars and Sixty-Nine Cents ($25,813.69), which shall be subject to, and from which shall be deducted, applicable federal, state, municipal and social security taxes. Defendants will apply a tax rate for said back wages, and provide a W-2, based upon information contained in Plaintiff's most recent W-4 on file with Defendants and Defendants will separately pay the employer withholding taxes due. It is expressly understood that these payments shall constitute back wages.

    b. Payment to MARCELLA CLOVIS in the amount of Thirteen Thousand and Nine Hundred and Eighteen Dollars and Thirty-One Cents ($13,918.31), which shall be subject to, and from which shall be deducted, applicable federal, state, municipal and social security taxes. Defendants will apply a tax rate for said back wages, and provide a W-2, based upon information contained in Plaintiff's most recent W-4 on file with Defendants and Defendants will separately pay the employer withholding taxes due. It is expressly understood that these payments shall constitute back wages.

    c. Payment to the Law Office of William Coudert Rand (who is a third party beneficiary of this agreement) in the amount of Twenty Thousand Two Hundred Sixty-Eight Dollars and Zero Cents $20,268 (reimbursement of complaint filing fee of $402 plus 1/3 of remaining settlement recovery), as and for attorneys' fees and costs. Defendants shall issue an IRS Form 1099 to Plaintiff's Counsel in connection with this payment. The foregoing amount shall constitute attorneys' fees and costs subject to W9 reporting.

    c. Not later than twenty (20) calendar days after the Court's approval of this Agreement, Defendants shall mail or deliver the settlement checks to Plaintiffs' counsel, William C. Rand, Esq., Law Office of William Coudert Rand ("Law Firm"), 501 Fifth Ave., 15th Floor, New York, N.Y. 10017. If Defendants fail to pay the settlement payments in a timely manner, Plaintiffs shall be entitled to recover their costs (including reasonable legal fees) related to their efforts to obtain payment.

    d. **Effective Date.** This Agreement shall not be effective or enforceable and no payments will be made hereunder unless and until the Court approves the Agreement.

2. **Release by Plaintiffs:**

(a) In exchange for the payments identified in Paragraph 1 and in exchange for the other considerations supporting this Agreement, each Plaintiff on behalf of himself/herself and his/her heirs, successors, executors, administrators, and assigns ("Releasors"), fully and finally releases and discharges the Defendants, their Affiliates, and all of their respective past and present directors, managers, officers, shareholders, agents, employees, attorneys, successors and assigns, of and from any and all claims, demands, and causes of action whether in contract, or otherwise

that Plaintiffs or any Plaintiff alleged in the Action and any claims for unpaid wages for hours worked under the Fair Labor Standards Act, the New York Labor Law, the New York Wage Parity Act, the New York Wage Theft Protection Act, or the New York Common Law alleging that the Plaintiffs were not paid full wages for their hours worked for any Defendant or were not provided proper notices related to their employment, , whether known or unknown, from the beginning of the world to Effective Date related to such Plaintiff's work for Defendants. This release expressly does not cover, inter alia, (a) any claim alleging discrimination, (b) any claim for retaliation for a complaint of discrimination, and (c) any negligence or tort claim alleging a personal injury not caused by a failure to pay wages.

        (b)   **Dismissal of Action**:  Any and all claims asserted by the Plaintiffs , shall be, and are, dismissed with prejudice upon the payment of the settlement monies. The Parties will execute and file a stipulation of dismissal in the form of Exhibit "A" within five (5) days after the payment of the settlement monies.

3.   **Covenant Not to Sue:** Plaintiffs and Plaintiffs' counsel affirm that they have not filed, or caused to be filed, and are not presently a party to, any action or complaint, including those with the Department of Labor or the United States Equal Employment Opportunity Commission, against Defendants seeking damages for the pertinent released claims as set forth in Paragraph 2(a), other than this Action.  Further, Plaintiffs and Plaintiff's counsel  hereby covenant and agree not to sue, commence, prosecute and continue any other proceeding or complaint (civil, administrative or criminal), or accept any relief individually or as a member of a class, against Defendants in any court of law or equity, or before any administrative agency, in their own name, or accept any relief as a member of a class, against Defendants in any court of law or equity, or before any administrative agency, with respect to the claims released in Paragraph 2(a).

4.   **Submission to Court for Approval and Purposes of Dismissing the Action**

(a)   Concurrent with execution of this Agreement, the Parties agree to execute the "Stipulation for Dismissal with Prejudice," in the form annexed hereto as Exhibit A, which will be filed with the Court to be so ordered if the settlement is approved by the Court and the settlement monies are paid.

(b)   Court approval of this action is a material condition of this Agreement and the Parties' obligations hereunder.  Failure of the Court to approve this Agreement renders this Agreement null and void and no payments shall be made pursuant to Paragraph 2 of the Agreement, and or pursuant to any other provisions herein.  The Parties have the option to nullify and/or void this Agreement if it is not approved by the Court on or before June 15, 2021.

(c)   The Parties agree to undertake their best efforts, including all steps contemplated by this Agreement and any other steps and efforts that may be necessary or appropriate, by order of the Court or otherwise, to obtain Court approval of this Agreement and to carry out the terms thereof.

(d)   Plaintiffs' Counsel shall submit to the Court a motion seeking Court approval of this Agreement, which Defendants shall join, provided that Defendants' Counsel have received a copy of the motion papers reasonably in advance of such filing and have advised Plaintiffs' Counsel of Defendant's consent thereto.

(e) The Parties agree to cooperate reasonably with one another in seeking Court approval of Agreement, and to promptly agree upon and execute any documentation that may be reasonably required to obtain final approval by the Court of the Agreement.

5. **No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by any Defendant under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiffs have asserted, could have asserted or may assert in connection with Plaintiffs' employment. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiffs, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

6. **Bona Fide Dispute**: This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiffs could prevail on the merits of their particular FLSA and NYLL claims, and that the amount being paid to Plaintiffs, as indicated in Paragraph 2, is a fair and reasonable resolution to this *bona fide* dispute.

7. **Changes to the Agreement**: This Agreement may not be changed unless the changes are in writing and signed by all of the Parties or their designated agents or their attorneys.

8. **Severability**: The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

9. **Governing Law**: This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regards to conflict of laws principles.

10. **Jurisdiction**: The Parties expressly agree that the United States District Court for the Southern District of New York ("SDNY") shall retain sole and exclusive jurisdiction over any action or proceeding to enforce or otherwise arising out of this Agreement. By execution of this Agreement, each Party irrevocably and unconditionally: (i) submits to the jurisdiction (both subject matter and personal) of the SDNY in any action or proceeding a Party hereto reasonably commences for the purpose of enforcing this Agreement; (ii) waives any objection they may now or hereafter have to venue of legal proceedings arising out of this Agreement brought in the SDNY; and (iii) waives any claim that any action or proceeding arising out of this Agreement brought in the SDNY has been brought in an inconvenient forum.

11. **Assignment of Claims**: The Plaintiffs hereby represent and warrant that they have not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

12. **Voluntary Agreement**: Each Plaintiff represents and agrees that:

(a) She is not suffering from any impairment that would render her incapable of reading, considering and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement, all of which have been explained to her;

4

   (b) She has signed this Agreement freely and voluntarily and without duress;

   (c) No promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Defendants or anyone acting on their behalf to induce Plaintiff to enter into this Agreement;

   (d) She has not raised a claim of sexual harassment or abuse with Defendants; and

   (e) Plaintiff was advised and hereby is advised to consider carefully the terms of this Agreement, and did consult with legal counsel, the Law Office of William Coudert Rand, prior to executing it, and has had a reasonable period of time in which to consider the terms of this Agreement before executing it.

  13. **Full and Complete Agreement**:  This Agreement constitutes the full and complete agreement between the Parties, and fully supersedes any and all prior agreements, commitments or understandings between the parties, pertaining to the subject matter hereof.

  14. **Waiver**:  No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived.  Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein.  The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

  15. **Fair Meaning**:  The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

  16. **Counterparts**:  This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document.  A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

  17. **Headings/Captions**:  The headings/captions in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

  18. **Facsimile/Email**:  An executed facsimile or email copy of this Agreement will have the same force and effect as the original.

  19. **Authority to Execute Agreement**:  The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**BY SIGNING THIS AGREEMENT, PLAINTIFFS ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO THIS AGREEMENT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS**

AND CONDITIONS. PLAINTIFFS HAVE EACH SPOKEN WITH THEIR ATTORNEY, WILLIAM COUDERT RAND, BEFORE SIGNING THIS AGREEMENT.

**AGREED:**

**PLAINTIFFS**

**SANDRA HICKMON**

_____ Dated 1/13/2022
SANDRA HICKMON

**MARCELLA CLOVIS**

_____ Dated _____
MARCELLA CLOVIS

**DEFENDANTS**

**FUN & FIT LLC**

By: _____   Dated _____

Name: _____

Title: _____

**BRIAN TRAINOR**

_____   Dated _____
BRIAN TRAINOR, Individually

AND CONDITIONS. PLAINTIFFS HAVE EACH SPOKEN WITH THEIR ATTORNEY, WILLIAM COUDERT RAND, BEFORE SIGNING THIS AGREEMENT.

**AGREED:**

**PLAINTIFFS**

**SANDRA HICKMON**

_____  Dated _____
SANDRA HICKMON

**MARCELLA CLOVIS**

*Marcella Clovis*       1-10-22
_____  Dated _____
MARCELLA CLOVIS

**DEFENDANTS**

**FUN & FIT LLC**

By: _____  Dated _____

Name: _____

Title: _____

**BRIAN TRAINOR**

_____  Dated _____
BRIAN TRAINOR, Individually

AND CONDITIONS. PLAINTIFFS HAVE EACH SPOKEN WITH THEIR ATTORNEY, WILLIAM COUDERT RAND, BEFORE SIGNING THIS AGREEMENT.

**AGREED:**

**PLAINTIFFS**

**SANDRA HICKMON**

_____ Dated _____
SANDRA HICKMON

**MARCELLA CLOVIS**

_____ Dated _____
MARCELLA CLOVIS

**DEFENDANTS**

**FUN & FIT LLC**

By: *B. Trainor*          Dated 1/17/22
Name: *Brian Trainor*
Title: *Pres.*

**BRIAN TRAINOR**

*B. Trainor*             Dated 1/17/22
BRIAN TRAINOR, Individually

6

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
SANDRA HICKMON, MARCELLA CLOVIS,            :        ECF
Individually and on Behalf of All Other                      :        20 Civ. 10270 (RA)
Persons Similarly Situated,                                         :
                                                                                   :
                          Plaintiffs,                :
                                                                                   :
  -against-                                                             :
                                                                                   :
FUN & FIT LLC d/b/a Home Instead Senior Care,      :
BRIAN TRAINOR and JOHN DOES #1-10,             :
                                                                                   :
                          Defendants.             :
---------------------------------------------------------------------------X

## STPULATION OF DISMISSAL

**IT IS HEREBY STIPULATED AND AGREED,** by and between the Parties in the above captioned action, through their undersigned counsel, and subject to approval by the Court, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action is dismissed with prejudice and without costs or attorney's fees as to any party except as referenced in the settlement agreement. The Court hereby retains jurisdiction over this matter to enforce the Settlement Agreement between the Parties.

Dated: January ___, 2022

| **LAW OFFICE OF WILLIAM COUDERT RAND** | **ECKERT SEAMANS CHERIN & MELLOTT, LLC** |
|---|---|
| By:_____<br>    William C. Rand, Esq.<br>    501 Fifth Avenue, 15th Floor<br>    New York, NY  10017<br>    212-286-1425<br>    wcrand@wcrand.com<br>    *Attorneys for Plaintiffs* | By:_____<br>    Timothy P. Coon, Esq.<br>    10 Bank Street, Suite 700<br>    White Plains, NY 10606<br>    T: 914-286-6438; C: 914-419-7613<br>    tpcoon@eckertseamans.com<br>    *Attorneys for Defendants* |

DATED:  _____

SO ORDERED:

_____
U.S.D.J.