USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/16/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SANDRA HICKMON, MARCELLA CLOVIS, *individually and on behalf of all others similarly situated*,

              Plaintiffs,

       - against -

FUN & FIT, LLC, *et al.*,

              Defendants.
---------------------------------------------------------------X

**ORDER**

20-CV-10270 (RA) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

    The parties in this wage-and-hour case have consented to my jurisdiction for the purposes of the motion to approve the settlement agreement under 28 U.S.C. § 636(c) (Dkt. No. 41), and they have submitted a motion for settlement approval (Dkt. No. 40) and a fully executed settlement agreement (Dkt. No. 40-1) for my review and approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).

    Having carefully reviewed the motion for settlement approval as well as the proposed settlement agreement, I find that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs as one-third of the settlement amount) appear to be fair and reasonable under the totality of the

circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) and other applicable case law).[1]

Accordingly, the proposed settlement is hereby approved.

The Clerk is respectfully directed to close Docket No. 40 and mark it as "granted."

**SO ORDERED.**

Dated: February 16, 2022
  New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

---

[1] The Court's approval of the allocation of attorney's fees should not be construed as an approval of the hourly rate of plaintiffs' counsel.  Nor should approval of the settlement agreement be deemed an approval of the tax allocations to which the parties have agreed in paragraph 1.